UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: ECF Case
VARQUIN ENTERPRISES INC., a New York :
corporation, : Civil Action No. 07 Civ. 3953 (LBS)
:
Plaintiff, :
:
-against- : **ORDER TO SHOW CAUSE**
:
PERRY PUBLICATIONS LIMITED, a United :
Kingdom corporation, :
:
Defendant. :
:
------------------------------------------------------------ x

Upon the Counterclaims of Perry Publications Limited ("Perry") herein; and the accompanying Declaration of Toby Butterfield, sworn to May 31, 2007, and the exhibits thereto; and the accompanying Declaration of Julian Gregory, sworn to May 31, 2007, and the exhibits thereto; and the accompanying Memorandum of Law; and all pleadings and proceedings had herein:

IT IS HEREBY ORDERED that plaintiff-counterclaim defendant Varquin Enterprises Inc. ("Varquin") show cause before the Honorable Leonard B. Sand at the United States District Court, United States Courthouse, 500 Pearl Street, Room ___, New York, New York at __ o'clock .m. on _____, or as soon thereafter as counsel may be heard, why a temporary restraining order and preliminary injunction under and pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§1116(a), 1125, should not be entered, ordering that Varquin and its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with defendants, be enjoined and restrained from:

a)     imitating, copying, or making any other infringing use of the mark BUSINESS TRAVELER (USPTO Registration Number 1372466) and the mark BUSINESS TRAVELER INTERNATIONAL (USPTO Registration Number 1784071) (the "Marks") or hereafter creating a North American edition of the magazine Business Traveler (the "Magazine") utilizing a confusingly similar title;

b)     imitating, copying, or making any other infringing use or infringing publication or distribution of magazines using the Marks;

c)     manufacturing, assembling, producing, distributing, broadcasting, offering for distribution or broadcast, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any book, television program, website, magazine or related merchandise or service bearing any of the Marks or any mark that is confusingly similar thereto;

d)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the manufacture, assembly, production, distribution, broadcast, offering for distribution or broadcast, circulation, sale, offering for sale, import, advertisement, promotion, or display of any book, television program, website, magazine or related merchandise or service not authorized or licensed by Perry;

e)     using any designation of origin or description which can or is likely to lead anyone to believe that any book, television program, website, magazine or related merchandise or service has been produced, manufactured, assembled, distributed, broadcast, offered for distribution or broadcast, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by Perry, when such is not true in fact;

f)     using reproductions, counterfeits, copies or colorable imitations of the Marks or the Magazine or the articles presented in authorized editions of the Magazine in the distribution, broadcast, offering for distribution or broadcast, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any goods of services of Varquin;

g)     engaging in any other activity constituting an infringement of any of Perry's trademarks; and

h)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above; AND.

IT IS FURTHER ORDERED THAT pending the hearing and determination of this application, Varquin and its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, shall be enjoined from:

a) imitating, copying, or making any other infringing use of the mark BUSINESS TRAVELER (USPTO Registration Number 1372466) and the mark BUSINESS TRAVELER INTERNATIONAL (USPTO Registration Number 1784071) (the "Marks") as the title of a magazine, or hereafter creating a North American edition of the magazine Business Traveler (the "Magazine") utilizing a confusingly similar title; and from

b) imitating, copying, or making any other infringing use or infringing publication or distribution of magazines using the Marks.

IT IS FURTHER ORDERED THAT delivery of this Order to Show Cause and the aforementioned declarations, memorandum of law and counterclaims, by hand to plaintiff's counsel, shall be deemed good and proper service thereof; and

IT IS FURTHER ORDERED THAT said opposing papers shall be served by hand on Cowan, DeBaets, Abrahams & Sheppard, LLP, counsel for Perry, by _____ on the \_\_\_ day of _____, 2007.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
_____, 2007