UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

VARQUIN ENTERPRISES INC., a New York
corporation,

             Plaintiff,

      -against-

PERRY PUBLICATIONS LIMITED, a United
Kingdom corporation,

             Defendant.

------------------------------------------------------ x

: ECF Case
:
: Civil Action No. 07 Civ. 3953 (LBS)
:
:
:
:
: **COUNTERCLAIMS**
:
:
: JURY TRIAL DEMANDED
:
:
:

Defendant/Counter-claimant Perry Publications Limited ("Perry"), by its

undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, as and for its counterclaims

against Plaintiff/Counterclaim Defendant Varquin Enterprises, Inc. ("Varquin"), alleges as

follows:

## NATURE OF THE CLAIMS

1.     Defendant/Counterclaimant Perry is a magazine publisher.  Perry publishes a

best-selling travel magazine throughout the world under the registered trademark BUSINESS

TRAVELLER and/or BUSINESS TRAVELER (depending on the most accurate spelling of the

title in the various jurisdictions where it appears.  For the purposes of this Complaint, we will

refer to the mark as BUSINESS TRAVELER) and BUSINESS TRAVELER

INTERNATIONAL (the "Marks," or "Perry's Marks").  Perry brings this action under the

United States Trademark Act, 15 U.S.C. § 1 *et al.*, and other laws, for infringement of the

Marks, unfair competition, and violation of its other rights, against Plaintiff/Counterclaim

Defendant Varquin.  By written agreement, Perry had granted to Varquin a limited right to

A059888.DOC\1

publish the North American Edition of Business Traveler magazine. The agreement was subject to clear payment provisions, which Varquin failed to meet. Varquin's failure to pay several installments triggered the automatic termination provision of the license. Despite notice of termination, Varquin has prepared for publication and release of an unauthorized post-termination edition of Business Traveler magazine using Perry's Marks, has registered the domain name btusonline.com (short for Business Traveler U.S. Online), and is displaying the Marks and Business Traveler content on a website associated with that name and on www.businesstravelerusa.com. Perry seeks injunctive relief preventing such infringement of its rights in the Marks in the United States, and damages for the harm caused to its business and the Marks' reputation to date and declaratory relief.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§ 1121, 1331, 1337, and 1338. This Court has subject-matter jurisdiction over the non-federal claims under 28 U.S.C. § 1367, as well as under § 1332 because the amount in controversy exceeds $75,000 and there is a complete diversity of citizenship.

3.      Venue is proper in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred and, if not enjoined, will occur in this district, and because plaintiff may be found in this district.

## THE PARTIES

4.      Defendant/Counterclaimant Perry Publications Limited is a corporation organized under the laws of the United Kingdom, with its principal place of business at Nestor House, Playhouse Yard, London, London, EC4V 5EX, United Kingdom.

5.     Upon information and belief, Plaintiff/Counterclaim Defendant Varquin Enterprises Inc. is a corporation organized under the laws of New York, with its principal place of business at 303 Fifth Ave, No. 1306, New York, NY 10016.

6.     Varquin has used the Marks on a website and is seeking subscriptions for, advertising, and marketing and threatening to release for publication a magazine bearing the Plaintiff's registered Marks (the "Infringing Magazine") in interstate commerce without the permission or authorization of Perry.

## RELEVANT FACTS

### Perry Publications Limited

7.     Perry has published Business Traveller magazine under the since 1976. The Magazine is the best-selling business travel magazine, and is written for discerning travelling businessperson who seeks an independent view of worldwide travel issues. Either directly or via licenses and joint ventures, Perry publishes numerous editions of Business Traveller magazine. Today there are nine editions: UK and Europe (the "U.K. Edition"), Germany, the Middle East, Asia-Pacific, China, Hungary, Spain, South Africa and Denmark. Collectively, Business Traveller distributes monthly up to 320,000 copies of the various editions of the Magazine throughout the world. Prior to the termination of the U.S. edition in issue in this case, that maximum was well over 500,000. Perry's website www.businesstraveller.com provides up-to-the-minute information on all aspects of travel: airlines, airports, hotels, car rentals and more.

8.     The Business Traveller is also world-famous for its annual Business Traveller Awards, a star-studded international competition that recognizes outstanding achievement in business travel. At the awards ceremonies, which take in United States and elsewhere, high-

A059888.DOC\1

profile presenters attend and present awards, garnering considerable media attention. Past

presenters have included Princess Diana, Sam Donaldson, actress Sarah Jessica Parker, Princess

Anne, astronaut Buzz Aldrin, and Queen Rania of Jordan.

9.    By reason of many years of phenomenal success of such publications bearing the

Marks, the Marks have become famous throughout the United States and abroad as an indicator

of high-quality publishing, and constitute an extremely valuable Perry asset.

10.    Perry's Marks are registered with the United States Patent and Trademark Office.

The mark BUSINESS TRAVELER, Registration Number 1372466 in international class 016

for "magazines and diaries" was issued on November 26, 1985. The mark BUSINESS

TRAVELER INTERNATIONAL, Registration Number 1784071 in international class 016 for

"informational magazines and associated newsletters and pamphlets aimed at the frequent

business traveler" was issued July 27, 1993.

11.    Perry is the owner of all right, title, and interest in the Marks.

12.    Perry distributes the Magazine bearing the Marks throughout the world and

throughout the United States in international and interstate commerce, through exclusive

distribution agreements with independent distributors.

13.    The marks BUSINESS TRAVELER and BUSINESS TRAVELER

INTERNATIONAL have secondary meaning, as the purchasing public has come to know, rely

upon and recognize Perry's goods and services by said Marks, and Perry has established

valuable good will therein.

**Varquin's Infringement of the Mark**

14.    By agreement dated April 7, 2006 (the "License"), Perry granted to Varquin the

limited right to publish the North American Edition of the Magazine, which had previously

been published by another licensee. Under the License, Varquin had the right to incorporate articles and other materials from the U.K. Edition into the North American Edition alongside content generated by Varquin specifically for the North American Edition, subject to both Perry's consent and Varquin's payment for rights to the U.K. Edition material.

15.     The payment terms of the License called for a fee of US $240,000 payable in 24 monthly installments of US $10,000, commencing on January 1, 2007.

16.     The terms also called for quarterly payments of fees for use of material from the U.K. edition.

17.     The License also stated the terms under which the license would terminate. Included in these provisions was a clause triggering automatic termination if Varquin failed to make a required payment within 28 days of the due date.

18.     On or about January 1, February 1 and March 1, 2007, Varquin timely paid to Perry the monthly license fee instalments of $10,000 that were due under the License. However, on April 1, 2007, and to date, Varquin has failed to make the subsequent monthly $10,000 payment due on that date. More than 28 days have passed since that due date.

19.     Varquin's failure to make that payment within 28 days alone triggered automatic termination of the License. In addition, the License also terminated by reason of Varquin's failure to make the quarterly payment due on March 31, 2007, as described below.

20.     Varquin also failed to pay Perry an installment payment of $10,000 which was due on May 1, 2007.

21.     Of a $240,000 license fee that Varquin promised to pay Perry, it has only paid $30,000, leaving an unpaid balance of $210,000 plus interest.

A059888.DOC\1

22.    The quarterly payments due to Perry on June 30, 2006, September 30, 2006 and December 30, 2006 were settled.  However, Varquin failed to make the payment for the first quarter of 2007, which was due on March 31, 2007.  The amount due was $8,619 and remains unpaid, along with interest accrued under Clause 6.4.

23.    On April 29, 2007, 28 days had passed without payment since the March 31, 2007 due date.  The License therefore terminated automatically on April 29, 2007.

24.    On May 3, 2007, Perry sent a letter to Varquin's director Adam Rodriguez, documenting the termination.

25.    On May 5, 2007, Varquin filed an action in New York State Court against Perry seeking (a) injunctive relief declaring that the License between the parties is still in effect, and (b) some type of prior restraint on Perry's ability to communicate with its business partners about the fact that Perry's license agreement with Varquin terminated.

26.    On May 21, Perry removed this action from New York State Court.

27.    On May 22, counsel for Perry was informed by counsel for Varquin that Varquin intended to release an unauthorized edition of the Magazine bearing Perry's Marks.  Upon information and belief, counsel for Varquin disputes having made that admission.

28.    Perry has suffered and will continue to suffer damage to its reputation and good will and to the value of the Mark by reason of Varquin's use of the Infringing Mark.

29.    Unless restrained by this Court, Perry will suffer irreparable harm.

## COUNTERCLAIM I

## INFRINGEMENT OF REGISTERED TRADEMARK, 15 U.S.C. § 1114

30.    Perry realleges and incorporates by reference the allegations of the preceding paragraphs.

A059888.DOC\1

31.    Varquin, by continuing to use the Marks after termination of its license, is not an authorized licensee of the Marks.  Such continued use constitutes trademark infringement. Perry has been given every indication that Varquin's intentions are to publish an unauthorized version of the magazine set for release in June 2007.

32.    On May 22, 2007, counsel for Varquin informed counsel for Perry that Varquin was in the process of preparing a June edition of the Business Traveler magazine, and may indeed be starting to ship it shortly.

33.    Further, Varquin continues to use the Marks on the Web page http://www.businesstravelerusa.com/subscribe.php in connection with seeking and processing new subscriptions in connection with the anticipated sale, offering for sale, distribution of Infringing Magazine in manners which are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of Infringing Magazine and/or Perry Magazines by causing them to assume or believe that Varquin is an authorized licensee and publisher of Perry's Magazine or that Perry publishes the Infringing Magazines.

34.    Despite not being an authorized licensee, Varquin is about to publish, market, sell, and offer for sale an edition of the Magazine in commerce bearing reproductions, copies or confusingly similar derivatives of the registered Marks in manners which are likely to cause confusion, mistake, or deception among purchasers and potential purchasers of Perry magazines by causing them to assume or believe that Varquin is an authorized licensee and publisher of Perry Magazines or that Perry publishes the Infringing Magazine.

35.    Varquin's conduct has been and is continuously infringing or threatening to infringe Perry's registered Marks in violation of Section 32 of the Trademark Act, 15 U.S.C. § 1114(1)(a) and (b).

36.    Varquin has received repeated proper notice of its termination of license and infringing activity and of Perry's demand that such infringing activity cease but it has refused to cease its infringing activity.

37.    Varquin's infringement of the Marks has been and is knowing, willful, intentional, and deliberate.

38.    Unless enjoined by the Court, Varquin will release the unauthorized Magazine into the steam of commerce, continue to infringe Perry's trademark rights and cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Perry.

39.    Perry has no adequate remedy at law.

40.    Perry is entitled to an injunction restraining Varquin, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Perry's rights under Section 32 of the Trademark Act, 15 U.S.C. § 1117, pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

41.    Perry is entitled to an order requiring the seizure and destruction of all infringing magazines, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate plaintiff's rights under Section 32 of the Trademark Act, 15 U.S.C. § 1117, pursuant to 15 U.S.C. § 1118.

42.    Perry has suffered and will suffer damages as a proximate result of the infringing acts of Varquin and is entitled to recover damages in an amount to be determined at trial, and is further entitled to recover any profits of Varquin resulting from its acts of infringement, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

A059888.DOC\1

## COUNTERCLAIM II

## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

43.    Perry realleges and incorporates by reference the allegations of the preceding paragraphs.

44.    The Marks have secondary meaning, as the purchasing public has come to know, rely upon and recognize Perry's goods and services by Marks, and Perry has established valuable good will therein.

45.    Varquin intends to manufacture, market, sell, and offer for sale Infringing Magazine in commerce bearing reproductions, copies or confusingly similar derivatives of the registered Mark in manners which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of such Varquin with Perry, or as to the origin, sponsorship, or approval of Varquin's goods, services, or commercial activities by Perry among purchasers and potential purchasers of Infringing Magazines and/or Perry's Magazine by, inter alia, causing them to assume or believe that Varquin is an authorized publisher of Perry Magazines, is subject to the duties and obligations of an authorized seller of Perry Magazine's, and can remedy any customer complaints regarding Perry Magazine's.

46.    In commercial advertising or promotion, Varquin has misrepresented the nature, characteristics, qualities, and, upon information and belief, geographic origin, of its and Perry's goods, services, or commercial activities, which constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

47.    Varquin's actions constitute false designations of the origin of Infringing Magazines, and false or misleading descriptions of Varquin's status as a seller of Perry's Magazine and vice versa, which are likely to cause confusion, mistake, or deception among

A059888.DOC\1

consumers of the Magazine as to Varquin's supposed affiliation, connection, or association with Perry, and to give the false or misleading impression as to the origin, sponsorship, or approval of Varquin's unauthorized sale, offering for sale, advertising or promotion of Infringing Magazines, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

48.     Varquin has received repeated proper notice of its infringing activities and of Perry's demand that such infringing activities cease, but it has refused to cease its infringing activities.

49.     Varquin's violations of Section 43(a) of the Lanham Act have been and are knowing, willful, intentional, and deliberate.

50.     Unless enjoined by the Court, Varquin will continue to infringe Perry's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Perry.

51.     Perry has no adequate remedy at law.

52.     Perry is entitled to an injunction restraining Varquin, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Perry rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to Section 34 of the Act, 15 U.S.C. § 1116.

53.     Perry is entitled to an order requiring the seizure and destruction of all infringing magazines, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1118.

54.     Perry has suffered and will suffer damages as a proximate result of the infringing acts and anticipated infringing acts of Varquin and is entitled to recover damages in an amount

A059888.DOC\1

to be determined at trial, and is further entitled to recover any profits of Varquin resulting from its acts of infringement, along with treble damages, statutory damages, costs, and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## COUNTERCLAIM III

## COMMON LAW TRADEMARK INFRINGEMENT

55.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

56.    The Marks have secondary meaning, as the purchasing public has come to know, rely upon and recognize Perry's goods and services by Marks, and Perry has established valuable good will therein.

57.    Varquin's conduct has and threatens to continue to cause confusion, mistake, and/or deception in the minds of the members of the trade and the public, including distributors, retailers, and consumers of the Magazine and the Infringing Magazine bearing the Marks and/or marks confusingly similar thereto.

58.    Varquin's conduct, through its unauthorized use and anticipated unauthorized use of the Marks and/or marks confusingly similar thereto including the mark BUSINESS TRAVELER, is an infringement of and trades upon the favorable reputation and proprietary rights of Perry under the common law of New York.

59.    Varquin's infringements have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

60.    Unless enjoined by the Court, Varquin will continue to infringe Perry's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Perry.

A059888.DOC\1

61.    Perry has no adequate remedy at law.

62.    Perry is entitled to an injunction restraining Varquin, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of Perry's rights.

63.    Perry is entitled to an order requiring the seizure and destruction of all infringing magazines, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate Perry's rights.

64.    Perry has suffered damages as a proximate result of the infringing acts of Varquin and is entitled to recover damages in an amount to be determined at trial.

65.    Perry is entitled to recover punitive damages in an amount to be determined at trial.

## COUNTERCLAIM IV

## COMMON LAW UNFAIR COMPETITION

66.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

67.    The Marks have secondary meaning, as the purchasing public has come to know, rely upon and recognize Perry's goods and services by Marks, and Perry has established valuable good will therein.

68.    Varquin's conduct constitutes misappropriation of the goodwill created and developed by Perry in its business and the Marks and Perry's status as the source of the Magazine in the United States.

69.    Varquin's acts of unfair competition have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

A059888.DOC\1

- 12 -

70.    Unless enjoined by the Court, Varquin will continue to engage in unfair competition in violation of Perry's rights and to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Perry.

71.    Perry has no adequate remedy at law.

72.    Perry is entitled to an injunction restraining Varquin, its agents and employees, and all persons acting in concert with any one or more of them from engaging in any of the foregoing acts or any further or different acts in violation of Perry's rights.

73.    Perry is entitled to an order requiring the seizure and destruction of all infringing magazines, labels, signs, packages, advertisements, negatives, galleys, or other materials that violate Perry's rights.

74.    Perry has suffered damages as a proximate result of the infringing acts of Varquin and is entitled to recover damages in an amount to be determined at trial.

75.    Perry is entitled to recover punitive damages in an amount to be determined at trial.

### COUNTERCLAIM V

### VIOLATION OF GENERAL BUSINESS LAW § 360-*l*

76.    Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

77.    The Marks have secondary meaning, as the purchasing public has come to know, rely upon and recognize Perry's goods and services by Marks, and Perry has established valuable good will therein.

A059888.DOC\1

78.     Varquin's foregoing forgoing acts create a likelihood of injury to plaintiffs' business reputation and dilution of the distinctive quality of the Marks or unfair competition in violation of New York General Business Law § 360-l.

79.     Varquin's foregoing acts were in knowing and willful violation of New York General Business Law § 360-l.

80.     Perry has been injured by Varquin's violations of New York General Business Law § 360-l.

81.     Unless enjoined by the Court, Varquin will continue to violate New York General Business Law § 360-l, thereby causing immediate and irreparable injury to Perry.

82.     Perry has no adequate remedy at law.

83.     Perry is entitled to an injunction restraining Varquin, its agents and employees, and all persons acting in concert with any one or more of them, from engaging in any of the foregoing acts or any further or different acts in violation of New York General Business Law §§ 360-l.

## COUNTERCLAIM VI
## DECLARATORY JUDGMENT -- 28 U.S.C. §§ 2201 *ET SEQ.*

84.     Plaintiff realleges and incorporates by reference the allegations of the preceding paragraphs.

85.     The parties have an actual controversy as to whether Varquin's license was terminated, thereby voiding its rights to use the Marks.

86.     Perry seeks a declaration that (i) Varquin's License automatically terminated by April 29, 2007 pursuant to Clause 10.3 of the License; (ii) Varquin has no right to use the Marks

in any current or future publication, online, or elsewhere; and (iii) continued use of the Marks by Varquin, its agents, employees, assigns and licensees infringes Perry's rights in the Marks.

**WHEREFORE**, Defendant/Counterclaimant Perry respectfully requests that the Court grant its request for relief as follows:

A) Granting a preliminary injunction ordering that Varquin and its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with defendants, be enjoined and restrained from:

a) imitating, copying, or making any other infringing use of the Marks or hereafter creating a North American edition of the Magazine utilizing a confusingly similar title;

b) imitating, copying, or making any other infringing use or infringing publication or distribution of magazines using the Marks;

c) manufacturing, assembling, producing, distributing, broadcasting, offering for distribution or broadcast, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any book, television program, website, magazine or related merchandise or service bearing any of the Marks or any mark that is confusingly similar thereto;

d) using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the manufacture, assembly, production, distribution, broadcast, offering for distribution or broadcast, circulation, sale, offering for sale, import, advertisement, promotion, or display of any book, television program, website, magazine or related merchandise or service not authorized or licensed by Perry;

e) using any designation of origin or description which can or is likely to lead anyone to believe that any book, television program, website, magazine or related merchandise or service has been produced, manufactured, assembled, distributed, broadcast, offered for distribution or broadcast, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by Perry, when such is not true in fact;

f) using reproductions, counterfeits, copies or colorable imitations of the Marks or the Magazine or the articles presented in authorized editions of the Magazine in the distribution, broadcast, offering for distribution or broadcast, circulating, sale, offering for sale, advertising, importing, promoting, or displaying of any goods of services of Varquin;

A059888.DOC\1

- 15 -

g)    engaging in any other activity constituting an infringement of any of
Perry's trademarks; and

h)    assisting, aiding, or abetting any other person or business entity in
engaging in or performing any of the activities referred to in
subparagraphs (a) through (g) above.

B) Issuing a declaratory judgment finding as follows:

a) Varquin's License was terminated by April 29, 2007 pursuant to
Clause 10.3 of the License;

b) Varquin has no right to use the Marks in any current or future
publication, online, or elsewhere;

c) continued use of the Marks by Varquin, its agents, employees,
assigns and licensees infringes Perry's rights in the Marks.

DEMAND FOR JURY TRIAL

Perry respectfully demands trial by jury of all claims so triable.

Dated: New York, New York
May 31, 2007

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: _____
Toby M.J. Butterfield (TB-8599)

By: _____
Mason A. Weisz (MW-5954)

41 Madison Avenue, 34th Floor
New York, New York 10010
Telephone: (212) 974-7474
Telecopier: (212) 974-8474

*Attorneys for Perry Publications Limited*

A059888.DOC\1

- 16 -